UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILLIE DWAYNE MICKEY,<br>                          Defendant. | Crim. Case No. 3:15-cr-1201-BTM-1<br>Civ. Case. No.  3:19-cv-0554-BTM<br><br>**ORDER DENYING DEFENDANT WILLIE DWAYNE MICKEY'S 28 U.S.C. § 2255 MOTION AND DENYING A CERTIFICATE OF APPEALABILITY**<br><br>**[ECF Nos. 145, 147]** |

      Before the Court is Defendant Willie Dwayne Mickey's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 as well as a supplemental § 2255 motion. (ECF Nos. 145, 147.) Defendant, proceeding *pro se*, argues that his appointed trial counsel provided ineffective assistance by failing to seek or otherwise provide Defendant with various discovery documents such that he was unable to make an informed decision about whether to proceed to trial. (ECF No. 145.)  Defendant also argues that the two counts for which he was convicted were multiplicitous and thereby violated his rights under the Fifth Amendment.  (ECF No. 147.)  The Government opposes the relief requested by Defendant. (ECF No. 148; *see also* ECF No. 157 (Defendant's reply).)

      As an initial matter, Defendant's factual assertions that his trial counsel failed

to seek relevant discovery materials, including any *Brady* materials or grand jury transcripts, (ECF No. 145, at 16-19), are conclusively contradicted by the record. (*See* ECF No. 29 (co-defendant's first motion to compel discovery); ECF No. 34 (Defendant's notice of joinder to first motion); ECF No. 48 (co-defendant's second motion to compel); ECF No. 53 (Defendandt's notice of joinder to second motion); *see also* ECF No. 35 (Government's response to first motion); ECF No. 49 (Government's response to second motion); ECF No. 54 (minute order granting both motions to compel).)   Further, even assuming that Defendant's double jeopardy argument is not procedurally defaulted by his failure to raise it on direct appeal, see *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003), it is frivolous given that each count of sex trafficking by force, fraud or coercion in violation of 18 U.S.C. §§ 1591(a) & (b)(1) for which he was convicted addressed separate (albeit similar) conduct and victims over partially-overlapping intervals. (*See* ECF No. 77 (second superseding indictment); ECF No. 102 (special verdict form); ECF No. 131 (judgment).);   *See United States v. Schales*, 546 F.3d 965, 978 (9th Cir. 2008) ("The Double Jeopardy Clause does not . . . prohibit the government from prosecuting a defendant for multiple offenses in a single prosecution."); *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008) ("The Fifth Amendment's prohibition on double jeopardy protects against being punished twice for a single criminal offense."); *United States v. Stewart*, 420 F.3d 1007, 1012 (9th Cir. 2005) ("An indictment is multiplicitous when it charges multiple counts for a single offense, producing two penalties for one crime and thus raising double jeopardy questions.").

   As to his allegations that counsel failed to apprise him of relevant discovery materials, "there are two components to an [ineffective assistance] inquiry, and [Defendant] bears the burden of establishing both." *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995).  "First," Defendant must establish that "the representation . . . f[e]ll 'below an objective standard of reasonableness.'" *Id.*

(quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). Second, "he must . . . establish that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694).  Here, Defendant attests that his trial "[c]ounsel never furnished [Defedant] with any '*Brady*' material, police investigative notes[,] FBI '302's'[,] electronic discovery (incuding any emails, text messages, audio, video, or chat-messages)[,] or Grand Jury Testimony of any witness it intended to introduce at trial for impeachment purposes or for [Defendant] to test the strength of the Government's case against [him,]" and that had counsel done so, Defendant "would have not proceeded to trial and would have entered a plea of guilty."  (ECF No. 145, at 24-25.)  Further, Defendant argues, without any supporting attestations. other evidentiary support, or even further factual development, that his trial counsel failed to "[c]ommunicate to [Defendant] the intricacies of the [United States] Sentencing Guidelines, including credit for acceptance of responsibility, any downward variance that could have been sought, as well as other factors in mitigation of any sentence if a guilty plea were to be entered." (ECF No. 145, at 19; *see also id.* at 22-25).  Even assuming that Defendant could demonstrate that the discovery materials of which he complains actually existed, were material to his prosecution or defense, were in his trial counsel's possession or control but not provided to Defendant, were not otherwise known to Defendant, or that trial counsel's failure to provide these materials (or his analysis thereof) to Defendant was otherwise objectively unreasonable, or that his trial counsel failed to advise Defendant of the aforementioned sentencing issues and was therefore objectively unreasonable, however, Defendant has failed to demonstrate prejudice resulting therefrom.

     Here, Defendant does not rely upon a "phantom" plea bargain to demonstrate prejudice.  (*See* ECF No. 145, at 19 (but for counsel's ineffective assistance, Defendant "would not have proceeded to trial and would have plead

guilty, *obtained credit for acceptance of responsibility*, and moved the Court for any downward variance that may have been available at sentencing" (emphasis added)).) However, Mickey points to no discovery material that, had it been shown to him, would have resulted in his pleading guilty. He purely speculates that if it had been shown to him, he would have pled guilty.

Furthermore, the Defendant fails to produce or identify any evidence demonstrating with a reasonable probability that, even if he had plead guilty, the Court would have been inclined to grant him any adjustment for acceptance of responsibility. *See United States v. Nielsen*, 371 F.3d 574, 582 (9th Cir. 2004) ("To receive the two-point downward adjustment [for acceptance of responsibility under U.S.S.G. § 3E1.1(a)], a defendant must at least show contrition or remorse."); *see also* U.S.S.G. § 3E1.1(b) (additional one-point downward adjustment conditional on qualification for two-point adjustment under § 3E1.1(a)). Indeed, Defendant's decision to proceeded to trial is not dispositive of the grant or denial of such an adjustment. *See United States v. Innie*, 7 F.3d 840, 848 (9th Cir. 1993) ("Although a district court may not punish a defendant for failing to participate in fact-gathering at a presentence interview or for not pleading guilty, the defendant must carry the burden of demonstrating the acceptance of responsibility."); U.S.S.G. § 3E1.1, cmt. 2 ("Conviction by trial . . . does not automatically preclude a defendant from consideration for such a reduction."); U.S.S.G. § 3E1.1, cmt. 3 ("A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right."). Rather, the evidence of record demonstrates that Defendant continued to dispute his guilt during sentencing proceedings, (*see* ECF No. 136, at 18-19, 31-32 (Defendant continued to dispute his guilt during sentencing hearing), and Defendant has failed to provide or identify any evidence demonstrating his subsequent contrition or remorse for

his offenses or that he qualified for any other departures or variances.[1]

Moreover, even assuming Defendant had demonstrated his entitlement to an acceptance of responsibility adjustment, he has failed to demonstrate with reasonable probability that such adjustment would have had any appreciable effect on his sentence of 204 months of imprisonment. Defendant was convicted of offenses subject to mandatory minimum sentences of 180 months. 18 U.S.C. § 1591(b)(1). Further, the presentence investigation report reflects Defendant's total offense level as 38 with five criminal history points (*i.e.*, a criminal history category of III), which resulted in a guideline imprisonment range of 292 to 365 months. (ECF No. 106, at 9-15.) Even if Defendant had been granted a full three-point reduction for acceptance of responsibility (*i.e.*, a total offense level of 35), this would have resulted in a guideline imprisonment range of 210 to 262 months.[2] Nevertheless, the Court departed downward from these guideline ranges when it sentenced Defendant to 204 months, finding that "a sentence of 17 years . . . provide[s] a deterrence and fair punishment for the offense and promote[s] respect for the law."[3] (See ECF No. 136, at 37-38.). That is, even *without* the benefit of

---

[1] *See* ECF No. 136, at 31 ("I do apologize for, you know, this whole process, but I do maintain my innocence. I never forced anybody to do anything. And if anybody did anything, it was because they was willing and they was adults making their own choices and their own decisions, but I never forced anybody to do anything against their will.").

[2] Were Defendant granted a two-point reduction for acceptance of responsibility (*i.e.*, a total offense level of 36), this would have resulted in a guideline imprisonment range of 235 to 293 months.

[3] (*See* ECF No. 136, at 38 ("The question is what is the minimal sentence that will deter [Defendant], deter others, and not create sentencing disparities in the federal system and also provide just punishment. The Court believes that a sentence of -- on both counts concurrently of 204 months is the sentence that will do that. It's two years above the mandatory minimum of 180 months, and that takes into

an acceptance of responsibility adjustment, Defendant ultimately ended up receiving a lower term of imprisonment than suggested by the sentencing guidelines *with* the benefit of an acceptance of responsibility adjustment.  Thus, the actual sentence of imprisonment imposed by the Court already represents a significant departure from the range recommended by the United States Sentencing Guidelines.  Defendant's unsubstantiated assertions that he would have plead guilty and sought an acceptance of responsibility adjustment, without more, are insufficient to demonstrate prejudice.[4]

Based upon the foregoing, Defendant's § 2255 motion and supplemental motion (ECF Nos. 145, 147) are **DENIED**.[5]  The Court **DENIES** a Certificate of Appealability to Defendant because he has not even raised a colorable claim in his

---

account the multiple counts.  If Count 1 fails ultimately, I would impose a lesser sentence, but I don't know at this point how much less, but it would not be a moot point.  It may not be much less.  Of course, it can't be below 180.  I won't think about that now because it's not an issue, but I think a sentence of 17 years sends a message, and it's not overkill.  It does provide a deterrence and fair punishment for the offense and promote respect for the law.").)

[4] Defendant argues in his § 2255 motion, without any supporting attestations or other evidentiary support, that his trial counsel failed to "[c]ommunicate to [Defendant] the intricacies of the [United States] Sentencing Guidelines, including credit for acceptance of responsibility, any downward variance that could have been sought, as well as other factors in mitigation of any sentence if a guilty plea were to be entered." (ECF No. 145, at 19; *see also id.* at 22-25).

[5] Because "the record refutes [Defendant's] factual allegations or otherwise precludes habeas relief, [the Court] is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474-75 (2007) (district court did not err in denying evidentiary hearing where, "even with the benefit of an evidentiary hearing, [the defendant] could not develop a factual record that would entitle him to habeas relief."); 28 U.S.C. § 2255(b); *see also Farrow v. United States*, 580 F.2d 1339, 1360-61 (9th Cir. 1978) ("A petitioner is not entitled to a hearing where he presents no more than conclusory allegations, unsupported by facts and refuted by the record.").

§ 2255 motion.

**IT IS SO ORDERED.**

Dated:  November 12, 2020

_____
Honorable Barry Ted Moskowitz
United States District Judge